UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EFREN PINALES, HELDA PINALES, | ) | Civil No. 09cv1884 L(AJB) |
| Plaintiffs, | ) ) ) | **ORDER DENYING MOTION FOR LEAVE TO FILE A FIRST** |
| v. | ) ) | **AMENDED COMPLAINT** [doc. #9] |
| QUALITY LOAN SERVICE CORPORATION, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

    Defendant Aurora Loan Services, LLC filed a motion to dismiss the above-captioned case and to expunge the lis pendens that are set for hearing on January 25, 2010. On January 11, 2010, plaintiffs filed a document that purports to be a motion for leave to file a first amended complaint. The motion also contains their response in opposition to the motion to dismiss attached as an exhibit.

    In order to file a motion, plaintiffs must comply with the Civil Local Rules. Local Rule 7.1(b) requires that a hearing date for a motion be obtained from the clerk of the judge to whom the case is assigned. Plaintiffs have not obtained a hearing date from chambers and instead assume that their motion can be heard on the same date as defendant's motions to dismiss and to expunge the lis pendens. Plaintiffs' motion cannot be heard on the same date based upon Local Rule 7.1(e)(1) that provides a motion "require(s) a minimum filing date of twenty-eight (28) days prior to the date for which the matter is noticed." For these reasons, plaintiffs motion for

leave to file an amended complaint could be stricken from the record for noncompliance with the Civil Local Rules.

More important than the procedural errors in the filing, plaintiffs' motion seeks leave of court that is not required.

A party may amend its pleading once as a matter of course before being served with a responsive pleading. FED. R. CIV. PROC. 15(a)(1)(A). A motion to dismiss is not a pleading, and therefore is not a responsive pleading, as the term is used in the Federal Rules of Civil Procedure. FED. R. CIV. PROC. 7(a); *see Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). Accordingly, plaintiffs were able to file their first amended complaint without seeking leave of court. *See id*.

Plaintiffs' counsel is admonished that he is expected to know and follow the Local Civil Rules, the E-Filing Manual, and the Federal Rules of Civil Procedure. Any further failure to comply with the applicable rules of court may result in monetary sanctions being imposed.

Based on the foregoing, plaintiffs' motion for leave to file a first amended complaint is **DENIED** as moot. If plaintiffs' intend to file a first amended complaint, they must do so no later than January 15, 2010. If plaintiffs intend to oppose defendant's motion without filing an amended complaint, they must file their opposition memorandum no later than January 14, 2010.[1]

**IT IS SO ORDERED.**

DATED: January 12, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[1] Because plaintiffs filed an opposition to the motion to dismiss as an attachment to their motion for leave to amend the complaint, they must file their opposition as a separate document if they do not file an amended complaint.