1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  EFREN PINALES, HELDA PINALES,    )    Civil No. 09cv1884 L(AJB)
                                     )
12              Plaintiffs,          )    **ORDER GRANTING WITH**
                                     )    **PREJUDICE MOTION TO DISMISS**
13  v.                               )    **THE FIRST AMENDED**
                                     )    **COMPLAINT AND GRANTING**
14  QUALITY LOAN SERVICE             )    **MOTION TO EXPUNGE LIS**
    CORPORATION, *et al.*,           )    **PENDENS** [doc. #14]
15                                   )
                Defendants.          )
16  _____)

17          Defendant Aurora Loan Services Corporation[1] moves to dismiss plaintiffs' first amended

18  complaint and to expunge lis pendens.  The motions have been fully briefed and considered

19  without oral argument under Civil Local Rule 7.1(d)(1).

20  **1.      Motion to Dismiss Legal Standard**

21          A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  *Navarro v.*

22  *Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6)

23  motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

24  the grounds of his entitlement to relief requires more than labels and conclusions, and a

25  formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be

26

27          [1]      Defendants Finance West Mortgage and Homecomings Financial Network were
28  never served and have been dismissed from this action.  Quality Loan filed a declaration of
    nonmonetary status under California Civil Code § 29241.

1   enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

2   550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).  Federal

3   Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the

4   claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a).

5       In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of

6   all factual allegations and must construe them in the light most favorable to the nonmoving

7   party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions

8   need not be taken as true merely because they are cast in the form of factual allegations. *Roberts*

9   *v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618,

10  624 (9th Cir. 1981).  Similarly, "conclusory allegations of law and unwarranted inferences are

11  not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696,

12  699 (9th Cir. 1998).

13      In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond

14  the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition

15  to a defendant's motion to dismiss or other submissions.   *United States v. Ritchie*, 342 F.3d 903,

16  908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2

17  MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take

18  into account additional facts asserted in a memorandum opposing the motion to dismiss, because

19  such memoranda do not constitute pleadings under Rule 7(a).").

20      A court may, however, consider items of which it can take judicial notice without

21  converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d

22  1370, 1377 (9th Cir. 1994).  Judicial notice may be taken of facts "not subject to reasonable

23  dispute" because they are either "(1) generally known within the territorial jurisdiction of the

24  trial court or (2) capable of accurate and ready determination by resort to sources whose

25  accuracy cannot reasonably be questioned." FED. R. EVID. 201.  Additionally, a court may take

26  judicial notice of  "'matters of public record' without converting a motion to dismiss into a

27  motion for summary judgment.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)

28  (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).  Under the

incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (alteration in original)).

**2.    Background**

In September 2006, plaintiffs obtained a home mortgage loan from defendant Homecomings Financial Network for property located in Oceanside, California and executed a Deed of Trust as security for the loan.  When plaintiffs failed to make payments as required, a Notice of Default and Election to Sell under the Deed of Trust was recorded on January 12, 2009.  A Notice of Trustee Sale was recorded on August 17, 2009, which set the sale of the property for September 3, 2009.  The record does not disclose whether the Trustee Sale has been conducted.

Plaintiffs' initial complaint contained 18 causes of action.  After the filing of Aurora's motions to dismiss and to expunge lis pendens, plaintiffs filed an amended complaint that alleged nine causes of action to which Aurora filed the present motions.  In response to defendant's motion, plaintiffs withdrew their sixth and seventh causes of action: violation of California Civil Code § 1632 and Business & Professions Code § 17200.  The second cause of action, breach of fiduciary duty, is not brought against Aurora.

**3.    Motion to Dismiss**

      **A.    Intentional Misrepresentation**

As Aurora correctly notes, the allegations concerning intentional misrepresentation refer to actions of defendants Finance West and Homecoming.  For example, plaintiffs contend Finance West and Homecoming inserted inflated income for the plaintiffs in the loan application, failed to inform plaintiffs of their rights to rescind, and misstated the APR and finance charge. (Amended Complaint at 6.)   Plaintiffs offer no facts to suggest that Aurora, the later-added loan servicer, was involved in any manner with alleged misrepresentations at the time of the loan origination.  Because plaintiffs have had an opportunity to amend the complaint

to assert facts showing involvement by Aurora with the alleged misrepresentations, this claim will be dismissed with prejudice.

### B.   Quiet Title

The purpose of a quiet title action is to establish one's title against adverse claims to real or personal property or any interest therein. *See* CAL. CIV. PROC. CODE § 760.020(a).  Plaintiffs contend that Quality Loan Services recorded the Notice of Default before it was substituted in as trustee for the Deed of Trust.  As a result, plaintiffs contend that the notice of default was invalid because it was filed by a stranger, who was not the trustee, mortgagee or beneficiary.

The persons who can validly file a notice of default are "[t]he trustee, mortgagee or beneficiary, or any other authorized agents." CAL. CIV. CODE § 2924(a)(1).  The notice of default here was filed by Quality Loan Services.   The notice identifies Quality Loan Services as "either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary."  Plaintiffs argue that there was "no evidence on the public record that Defendants Quality Loan services was acting as an authorized agent for Defendant Aurora." (Opp. at 3.)   There is no statutory requirement that the authorized agent must be recorded. Nothing in the record indicates that the notice of default was invalid.  Furthermore, the proposed amended complaint does not include any factual allegations to support the legal conclusion that the notice of default is invalid.  *See Roberts*, 812 F.2d at 1177.  Plaintiffs' argument that the notice of default was invalid is rejected.   Accordingly, plaintiffs' quiet title claim is dismissed with prejudice.

### C.   TILA

The applicable statute of limitations for a claim for damages under TILA is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).  "[T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Because the transaction was consummated on September 25, 2006 and this action was filed on

January 15, 2010, the statute of limitations has long expired.  Plaintiffs have not provided any allegations in their amended complaint that would support equitable tolling.  Accordingly, defendant's motion to dismiss the TILA cause of action is dismissed with prejudice.

### D.   RESPA

Defendant contends plaintiffs' RESPA claims fail as a matter of law because there are no factual allegation directed at Aurora.  Plaintiffs do not address this contention but instead argue that the RESPA claim is not time-barred.  Having reviewed the amended complaint, there are no allegations of RESPA violations on the part of Aurora.  The RESPA claim must be dismissed as to Aurora.

### E.   California Civil Code 2923.5

Plaintiffs allege defendants failed to contact them, or perform the required due diligence to make contact, to discuss plaintiffs' financial situation and explore options for the borrower to avoid foreclosure at least 30 days prior to recording the notice of default, in violation of California Civil Code § 2923.5.  In response, defendant correctly argues this cause of action must be dismissed because it is preempted by the Home Owner's Loan Act ("HOLA"), 12 U.S.C. § 1464.  The state law's requirements dealing with contacting the borrower and including a specific declaration in the Notice of Default fall squarely within the scope of HOLA's Section 560.2(b)(10), which deals with the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." *See, e.g., Parcay v. Shea Mortgage, Inc.*, 2010 WL 1659369, at *9 (E.D.Cal. Apr.23, 2010) (concluding that HOLA preempts plaintiff's claim based on the alleged violation of § 2923.5); *Murillo v. Aurora Loan Servs.*, LLC,, 2009 WL 2160579, at *4 (N.D.Cal. July 17, 2009) (same). Therefore, the RESPA claim is preempted and will be dismissed with prejudice.

### 4.   Motion to Expunge Lis Pendens

Last, Aurora moved to expunge *lis pendens*.  "[T]he court shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." Cal. Code Civ. Proc. § 405.31; *see also Id.* § 405.5 & 28 U.S.C. § 1964 (state law *lis pendens* provisions apply in federal court).  A plaintiff bears the burden of establishing, by a

1  preponderance of the evidence, the probable validity of the claims.

2        Because the operative complaint has been dismissed with prejudice, plaintiffs have

3  alleged no "real property claim."  Accordingly, the lis pendens is properly expunged.

4        Based on the foregoing, **IT IS ORDERED**

5        1.    Defendant Aurora Loan Services LLC's motion to dismiss the first amended

6  complaint is **GRANTED WITH PREJUDICE**

7        2.    Defendants' motion to expunge lis pendens is **GRANTED**.

8        3.    The Lis Pendens recorded on the property located at 3922 Genine Drive,

9  Oceanside, California in the official records of San Diego County shall be expunged from the

10  official records, and a copy of this Order may be recorded in the official records.

11        4.    The Clerk of the Court is directed to enter judgment in accordance with this Order.

12        **IT IS SO ORDERED.**

13  DATED:  September 22, 2010

14  _____

15  M. James Lorenz
      United States District Court Judge

16  COPY TO:

17  HON. ANTHONY J. BATTAGLIA
    UNITED STATES MAGISTRATE JUDGE

18

19  ALL PARTIES/COUNSEL

20

21

22

23

24

25

26

27

28

09cv1884